# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

GARLAND BAISDEN,                :         CIVIL ACTION

    Plaintiff,              :

        v.                      :

DONALD C. WINTER,               :
SECRETARY OF THE NAVY,
                              :

    Defendant.              :         NO. CV204-212


### O R D E R

    Plaintiff, Garland Baisden, filed this pro se action against Defendant, Donald C. Winter, as the Secretary of the Department of the Navy, (the "Navy"), for alleged unlawful employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Currently before the Court is the Navy's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Because the Court does not have jurisdiction to hear Baisden's

AO 72A
(Rev. 8/82)

claims related to his security clearance background investigation and revocation, the Navy's motion to dismiss will be **GRANTED IN PART and DENIED IN PART**.

**FACTS**

The record reflects the following undisputed facts. Baisden began his employment as a police officer in the Kings Bay Naval Base Security Department ("Base Security") on July 19, 1999. This position required him to obtain and maintain a security clearance.

Base Security issued two Notices of Proposed Removal to Baisden prior to the decision of the Department of the Navy Central Adjudication Facility ("DONCAF"), located in Washington, D.C., to revoke his security clearance. The first notice was issued on September 24, 1999, alleging failure to meet weapons range scores. On September 29, 1999, after Baisden filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), the notice was overturned. On August 16, 2000, Baisden received a second notice from Base Security, alleging falsification and/or concealment of material facts concerning his financial indebtedness on a security clearance questionnaire completed on July 19, 1999. On September 6,

2000, Kings Bay Naval Base command issued Baisden a Letter of Reprimand for concealment of material facts regarding his financial indebtedness.

On November 3, 2000, DONCAF made a preliminary decision to deny Baisden security clearance and eligibility for assignment to a sensitive position. At that time, Baisden was provided with the specific disqualifying information considered in making the determination, and advised of his right to submit a response in opposition to the preliminary decision. On March 21, 2001, DONCAF made a final determination to deny Baisden security clearance, and the Personnel Security Appeals Board denied Baisden's appeal of that determination by letter dated July 25, 2001. Base Security issued Baisden a third Notice of Proposed Removal on July 31, 2001, based on Baisden's failure to maintain the requisite security clearance, and he was removed from federal service on August 31, 2001.

Baisden filed the instant action on December 29, 2004. Baisden alleges that Base Security discriminated against him based on his race and age, and retaliated against him for filing an EEOC complaint by: (i) permitting Caucasian employees to harass him; (ii) requiring him to requalify for weapons despite knowledge that he met all weapons qualification scores;

3

and (iii) treating younger, Caucasian employees more favorably for similar conduct.

The Navy has moved the Court to dismiss this action in its entirety based on a lack of subject matter jurisdiction. Specifically, the Navy argues that a decision to revoke a security clearance is not judicially reviewable. The Navy further contends that even were the Court to conclude that it has jurisdiction over Baisden's claims, absent the required security clearance, Baisden has failed to state a prima facie claim for age discrimination.

Baisden contends that the Court has jurisdiction to hear his claims because he does not challenge DONCAF's decision to revoke his security clearance. Instead, he alleges that Base Security harassed him because of his race and age, and in retaliation for filing the EEOC complaint. The specific alleged harrassment included permitting Caucasian employees to harass him and requiring him to requalify for weapons. He further alleges that younger, Caucasian employees were treated more favorably for similar conduct.

**DISCUSSION**

I.  **Subject Matter Jurisdiction**

   A.  **Standard of Review**

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: (1) facial attacks; and (2) factual attacks. Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003); McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999), cert. denied, 528 U.S. 1118, 120 S.Ct. 940, 145 L.Ed.2d 817 (2000); Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997) (citations and punctuation omitted); Lawrence, 919 F.2d at 1529. Factual attacks, in contrast, challenge "jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), reh'g denied, 622 F.2d 1043, cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217

(1980)); Miccosukee Tribe of Indians of Fla. v. United States, 105 F.3d 599, 603 (11th Cir. 1997). In a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach and, where the elements of the underlying cause of action are not implicated, the court is free to weigh the evidence. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999), cert. denied, 529 U.S. 1003, 120 S.Ct. 1267, 146 L.Ed.2d 217 (2000); Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001); Morrison, 323 F.3d at 925.

In the instant case, the Navy does not rely on the language of the complaint but, rather, challenges the Court's jurisdiction in fact. The issue of fact is whether evaluation of Baisden's claims would require the Court to investigate security clearance matters. Thus, because the underlying elements of Baisden's claims are not implicated, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." See Scarfo, 175 F.3d at 960.

AO 72A
(Rev. 8/82)

B. Security Clearance

A district court is generally without jurisdiction to review an executive branch decision to deny security clearance. Dep't of the Navy v. Egan, 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988). In Egan, the Supreme Court held that the Merit Systems Review Board's denial of a security clearance to a civilian laborer, because of a prior criminal record and admitted alcohol abuse, was a nonjusticiable issue and that the federal courts were without subject matter jurisdiction to review such decisions by a government agency. Egan, 484 U.S. at 521, 108 S.Ct. at 820. The Court's separation of powers rationale establishes that, absent congressional authorization, sensitive security clearance decisions should be free from interference by judicial officers with little expertise in the complex area of national security. Egan, 484 U.S. at 529, 108 S.Ct. at 825

> (Certainly, it is not reasonably possible for an outside nonexpert body to review the substance of such a judgment and to decide whether the agency should have been able to make the necessary affirmative prediction with confidence. Nor can such a body determine what constitutes an acceptable margin of error in assessing the potential risk.).

Since the Supreme Court decision in Egan, courts have taken the view that "a decision concerning the issuance or

non-issuance of security clearance is a matter within the purview of the executive and not to be second-guessed by the judiciary unless Congress has *specifically* provided otherwise." Hill v. White, 321 F.3d 1334, 1336 (11th Cir. 2003) (emphasis added); Hill v. Dep't of the Air Force, 844 F.2d 1407, 1411 (10th Cir.), cert. denied, 488 U.S. 825, 109 S.Ct. 73, 102 L.Ed.2d 49 (1988). Because an employment discrimination claim would require a court to weigh the validity of the executive's proffered reasons for revoking a security clearance, courts have held that adverse employment actions based on denial of security clearance are not subject to judicial review. See Ryan v. Reno, 168 F.3d 520 (D.C. Cir. 1999); Becerra v. Dalton, 94 F.3d 145 (4th Cir. 1996), cert. denied, 519 U.S. 1151, 117 S.Ct. 1087, 137 L.Ed.2d 221 (1997); Perez v. FBI, 71 F.3d 513 (5th Cir. 1995), cert. denied, 517 U.S. 1234, 116 S.Ct. 1877, 135 L.Ed.2d 173 (1996); Brazil v. Dep't of the Navy, 66 F.3d 193 (9th Cir. 1995), cert. denied, 517 U.S. 1103, 116 S.Ct. 1317, 134 L.Ed.2d 470 (1996).

The Supreme Court's decision in Egan has been further extended to preclude judicial review of Executive decisions not only to the security clearance itself, but to the decision to instigate an investigation, which results in a security

AO 72A
(Rev. 8/82)

clearance denial. See Hill, 321 F.3d at 1334. In Hill, a civilian employee of the United States Army alleged that he was subjected to age discrimination and, as a result, was deprived of his security clearance. As Baisden, the plaintiffs did not challenge the decision to suspend his security clearance but, rather, he challenged the initiation of the security clearance investigation, claiming it was improperly motivated by discrimination. Hill, 321 F.3d at 1335. The Eleventh Circuit agreed with the Fourth Circuit's observation that the "'distinction between the initiation of a security investigation and the denial of a security clearance is a distinction without a difference.'" Id. at 1335-36 (quoting Becerra v. Dalton, 94 F.3d at 149). In finding that it lacked jurisdiction to hear the plaintiff's claims, the court found that "[t]o review the initial stages of a security clearance determination is to review the basis of the determination itself regardless of how the issue is characterized." Hill, 321 F.3d at 1336.

Baisden contends that Base Security discriminated and retaliated against him by initiating an extensive background investigation that resulted in the revocation of his security clearance and his termination. In support, Baisden shows that

the Navy issued two Notices of Proposed Removal to him. The first notice was overturned after an EEOC complaint was filed. The second notice, based on the same information relied on by DONCAF to revoke his security clearance, was issued prior to DONCAF's decision. Baisden further alleges that younger, non-African American employees who similarly violated personnel guidelines were treated more favorably than he was by either being permitted to obtain a confidential clearance or not having the detrimental information submitted to DONCAF at all.

While Baisden couches these claims as employment discrimination and retaliation, these claims, in fact, involve review of security clearance determinations. First, Baisden alleges that an employee with similar alleged financial irresponsibility was granted a "Confidential" security clearance contingent on his keeping a stable financial base regarding his indebtedness. Baisden further alleges that Base Security subjected African American employees to extensive background investigations and failed to provide DONCAF with information regarding violations committed by Caucasian employees because, had Base Security done so, DONCAF would have similarly revoked those employees' security clearances.

Baisden's disparate treatment claims are premised on a challenge to the decision of Base Security to conduct an extensive background investigation and issue Notices of Proposed Removal when it did not do so to allegedly similarly situated younger, non-African American employees. This decision was within the purview of Base Security's discretion. Egan makes clear that this Court has neither the authority nor the expertise to review this decision.

## II. Harrassment

The Navy contends that even were the Court to conclude that it has jurisdiction over Baisden's claims, dismissal of his ADEA claim is appropriate under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Under Rule 12(b)(6), the Navy is entitled to dismissal of the claims if "the plaintiff can prove no set of facts in support of the claim that would entitle [him] to relief." Davita Inc. v. Nephrology Assocs., P.C., 253 F. Supp. 2d 1370, 1374 (S.D. Ga. March 25, 2003); see also Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). When a plaintiff proceeds pro se, his allegations must be read liberally and the court must hold the complaint to a less stringent standard than it

AO 72A
(Rev. 8/82)

holds those drafted by attorneys. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), reh'g denied, 429 U.S. 1066, 97 S. Ct. 798, 50 L.Ed.2d 785 (1977).

It is the Navy's position that Baisden is unable to establish he was qualified for the position of Base Security police officer as required to establish a prima facie ADEA claim because he could not obtain and maintain the requisite security clearance. The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). In addition to his disparate treatment claims, Baisden alleges that Base Security subjected him to harrassment during his employment because of his age and race, and in retaliation for filing an EEOC complaint. Prior to DONCAF's final security revocation on July 25, 2001, Baisden maintained the requisite security clearance. Thus, to the extent these allegations relate to incidents prior to July 25, 2001, and are unrelated to his security clearance and/or termination, Baisden has arguably stated claims upon which relief could be granted.

AO 72A
(Rev. 8/82)

**CONCLUSION**

The Court has read and considered the position of all parties. For the foregoing reasons, the Navy's motion to dismiss (Doc. No. 23) is **GRANTED IN PART and DENIED IN PART.**

The Navy's motion seeking dismissal of Baisden's claims related to his security clearance and/or termination, including his disparate treatment claims, is **GRANTED**. The Navy's motion to dismiss Baisden's harrassment claims, to the extent the claims occurred prior to July 25, 2001, and are unrelated to his security clearance and/or termination, is **DENIED**.

**SO ORDERED**, this \_\_\_20\_\_\_ day of March, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)