# In the United States District Court for the Southern District of Georgia Brunswick Division

| | | |
|---|---|---|
| GARLAND BAISDEN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| DONALD C. WINTER, SECRETARY OF THE NAVY, | : | |
| Defendant. | : | NO. CV204-212 |

### O R D E R

By Order dated March 20, 2006, the Court denied in part Defendant's motion to dismiss. Defendant's motion seeking dismissal of Plaintiff's claims related to his security clearance and/or termination, including his disparate treatment claims, was granted. However, Defendant's motion to dismiss Plaintiff's harrassment claims, to the extent the claims occurred prior to July 25, 2001, and were unrelated to his security clearance and/or termination, was denied. Presently before the Court is Defendant's motion seeking dismissal of

Plaintiff's remaining claims. For the following reasons, Defendant's motion to dismiss will be **GRANTED**.

## DISCUSSION[1]

Defendant asserts that the Court lacks subject matter jurisdiction of Plaintiff's remaining harassment claims. Specifically, Defendant contends it is protected by sovereign immunity because, in light of the Court's order, Plaintiff has failed to allege the requisite "personnel action".

Derived from the inherent sovereign immunity of the federal government is the fundamental principle that no suit may be brought against the United States without its consent. United States v. Lee, 106 U.S. 196, 204, 1 S. Ct. 240, 247 (1882); Stoecklin v. United States, 943 F.2d 42, 43 (11th Cir. 1991). Consent, however, may be obtained by statutory waiver. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." JBP Acquisitions, LP v. United States, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994)). The terms of any waiver are set forth expressly and specifically by Congress, and define the

---

[1] The underlying facts of the instant case are recited in the Court's March 20, 2006, Order.

2

parameters of the federal court's subject matter jurisdiction to entertain suits brought before it. Ware v. U.S., 626 F.2d 1278, 1286 (5th Cir. 1980)[2]. Under both Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the federal government has waived its sovereign immunity to a limited extent.

Title VII and the ADEA provide the exclusive judicial remedies for alleged employment discrimination by a federal employee. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 96 S. Ct. 1961, 48 L.Ed.2d 402 (1976) (Title VII); Grier v. Secretary of Army, 799 F.2d 721, 724 (11th Cir. 1986) (Title VII); Newbold v. U.S. Postal Serv., 614 F.2d 46, 47 (5th Cir.), cert. denied, 449 U.S. 878, 101 S. Ct. 225, 66 L.Ed.2d 101 (1980) (Title VII); Paterson v. Weinberger, 644 F.2d 521, 524 (5th Cir. 1981) (ADEA). Title VII provides that "[a]ll personnel actions affecting employees . . . in military departments . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). The parallel AEDA provision provides

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all decisions by the Fifth Circuit Court of Appeals issued prior to October 1, 1981, as binding precedent on this Court.

AO 72A
(Rev. 8/82)

that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . in executive agencies . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a).

The protections afforded under Title VII and the ADEA vary depending on whether the employee works in the private or federal sector. In the private sector, "Title VII's protection against [] discrimination extends to adverse actions which fall short of ultimate employment decisions." Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1456 (11th 1998). The courts in this circuit have not, however, interpreted the federal sector provisions of Title VII or the ADEA as providing such broad protection. Instead, courts have limited protection in the federal sector to "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensation." Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981) (en banc), cert. denied, 454 U.S. 892, 102 S.Ct. 388, 70 L.Ed.2d 206 (1982); see also Ferguson v. Veterans Admin., 723 F.2d 871, 872 (11th Cir.), cert. denied, 469 U.S. 1072, 105 S.Ct. 563, 83 L.Ed.2d 504 (1984) ("Without repeating here the analysis made there, we simply adopt as the law of this Circuit the reasoning and conclusion of the Fourth Circuit in Page v.

4

Bolger . . ."). Although the courts have not established a general test to define ultimate employment decisions, "interlocutory or mediate decisions having no immediate effect upon employment conditions" do not fall within the proscriptions of Title VII and the ADEA. Page, 645 F.2d at 233.

Excluding any conduct related to his security clearance and/or termination pursuant to the Court's previous order, Plaintiff has failed to demonstrate that he was subject to an adverse personnel action cognizable under Title VII or the ADEA. Plaintiff's harrassment claims were based on allegations that Defendant: permitted Caucasian employees to harass and investigate Plaintiff at his second job, required Plaintiff to go before the qualifications board three times, required Plaintiff to requalify for weapons when he had previously met all qualifying scores, and issued Plaintiff several removal proposals. The Court concludes that these acts do not constitute an ultimate employment decision as required in order for a federal sector employee to maintain a discrimination claim.

**CONCLUSION**

The Court has read and considered the position of all parties. For the foregoing reason, Defendant's motion to dismiss Plaintiff's remaining claims (Doc. No. 46) is **GRANTED**.

**SO ORDERED**, this ____22____ day of May, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA